Curia, per Frost, J.
It is clear that Fahnstock, who engaged in the endeavor to recover the pin from personal interest, was, in no sense, a person in authority. It is unnecessary to determine whether, if Clark had been induced to make a confession, by the assurance of Fahnstock, that “if he could get the pin, he would guaranty nothing should be said about it,” such confession would have been admissible. No confession was, in fact, made ; Fahnstock said that Clark “never acknowledged that he had stolen the pin, nor how he got it, nor if he had it.” Clark was not alarmed. Fahnstock was one of his familiars. He was not betrayed into any criminating admission. He said, “ he knew where the pin was ; it was in the country; he would write for it and get it in a week;” and being told that would not do, he said, “ tomorrow at two o’clock you shall have it.” By these declarations, Clark did not charge himself with the larceny. On the contrary, he exculpated himself and tried to divert the attention of Fahnstock to some person in the country. A denial of guilt is not excluded by the terms of the rule which excludes confessions, nor is it excluded by the reason of the rule. Extorted confessions are rejected, from an apprehension that, in order to obtain relief from present and intolerable distress and anguish, the prisoner may be betrayed falsely to accuse himself, by the agitation of fear or the hope of engaging the clemency of his accusers, inspired by the inducements held out to him to make a confession. The denial of the prisoner that he had been near the place of the theft, or had ever seen the stolen goods, may be given in evidence and shewn to be untrue, for the purpose of establishing his guilt.
Even if what Clark said to Fahnstock was to be governed by the rules which apply to confessions, it is not true, as has been argued, that if a confession cannot be admitted, no evidence can be received of what the prisoner said, though it does not amount to a confession, and is not offered as an admission of his guilt. When a confession, improperly obtained, cannot be admitted, yet so much of the confession as *315 relates strictly to the fact discovered by it, may be given in evidence. The fact that the witness was directed by thev prisoner where to find the goods, and his having found them accordingly, should be submitted to the jury; but not the acknowledgment of the prisoner’s having stolen or put them there; which is to be collected or not from all the circumstances of the case. Such confession is evidence of the fact that the prisoner was acquainted with the place of deposit; and so far as such knowledge goes, it is evidence against him. Though the prisoner cannot be convicted by his confession of a fact tending to criminate himself, yet his statement of the fact may be received in evidence, and his knowledge of the fact may be connected with proof of its existence, so that his guilt may be inferred.
The taking and carrying away of personal chattels is felonious, when they are taken against the will of the owner, in his absence, or in a clandestine manner ; and when the taker intends fraudulently to deprive the owner of his whole interest in the property, against his will. Oakly, the owner of the pin, testifies that he had put the pin in his bureau drawer at night, and the next morning it was missing, and had been taken without his knowledge and against his consent. The testimony of Oakly, in the second ground of appeal, is affirmed to be incompetent, because Mrs. Brown, who lodged in the house, first informed him that the pin was stolen, and she could and should have been introduced as a witness.— The incompetency of the evidence has not been assumed in the argument; but it has been urged, as a ground for a new trial, that Mrs. Brown was not called for the State.
The rules of evidence are directed to the proof of the issue by competent testimony. They do not require that all the witnesses who may be present when the offence was committed, or who may be supposed to possess information respecting it, should be produced. If the case be fully proved, the verdict will not be set aside, on the suggestion that if a certain witness had been called for the prosecution, he would or might have given evidence to show the prisoner’s innocence in Court. If auy doubt arises respecting the guilt of the prisoner, from the obscurity which rests on any material circumstances of the offence, that is considered by the jury.— In this case, the verdict is supported by satisfactory evidence. The possession of a valuable diamond pin, which the defendant could not honestly have acquired; the trading of it so much below its value as to produce the conviction of his companion' that it was stolen ; the false account of the manner in which he got possession; his statement that the pin was in the country, when he had traded it to Lowry; his anxiety to recover it when he was required to produce it, connected with his desperate character, supplied a degree of *316 proof greater than is commonly produced in a case oí larceny. With this evidence before them, the jury could and did prop- ' erly estimate the force of the objection urged with great zeal that Mrs. Brown knew all about the carrying ofF of the pin, that she might have taken it herself, and prove that it had never been stolen; and if produced that she would make clear the innocence of the prisoner. She had no custody or charge of the pin; the prisoner never affected to have got it from her, nor to trace his possession of it to her, nor give any credible account how he got it. To grant a new trial on the surmise that Mrs. Brown’s testimony would have acquitted the prisoner, would be to abandon what is substantial, and catch at a shadow.
On the third ground of appeal, it is sufficient to remark, that it is the obvious and necessary condition of the presumption of larceny, from the possession of the pin unaccounted for, that the pin should have been stolen. But the evidence against the prisoner was not limited to the presumption arising from possession. The whole evidence was brought to the view of the jury, which establishes the fact that the pin was stolen, and that the prisoner was the thief, sufficiently to prevent this court from disturbing the verdict.
The motion is refused.
O’Neall and Evans, JJ., concurred.